(80 South. 203)

No. 23312.

DUGAS & LE BLANC, Limited, et al. v. PORT BARRE TIMBER & TIE CO., Inc.

In re CHICAGO LUMBER & COAL CO. et al.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⬨➝204 — LOUISIANA SUPREME COURT—SUPERVISORY JURISDICTION.

Const. art. 94, granting Supreme Court supervisory jurisdiction over inferior courts, was not designed to afford a right to appeal to all litigants dissatisfied with judgments of trial judges, and such jurisdiction will only be entertained in special or emergency cases and to prevent a great and impending injury.

2. CONTEMPT ⬨➝44 — INTERFERENCE WITH PROPERTY OF RECEIVER — JURISDICTION OF DISTRICT COURT.

Under Code Prac. art. 131, the district court had jurisdiction over its receiver's rule for contempt against parties claiming under a pledge and attempting to take and sell property of company in receivership, and to dispose of subject-matter.

3. CONTEMPT ⬨➝61(3) — MATTERS DETERMINABLE—RIGHT OF PLEDGEE.

The validity of an alleged pledge of the lumber of a company in receivership can only be determined in an original proceeding, and cannot be tested by rule for contempt against the alleged pledgee's agent.

4. CONTEMPT ⬨➝61(3) — NATURE OF PROCEEDINGS.

Contempt is only a summary proceeding to enforce obedience to the orders of the court, and where the main issue only concerns the court and the defendant in rule.

5. CONTEMPT ⬨➝67 — PROHIBITION ⬨➝5(3) — DISCRETION OF TRIAL JUDGE — REVIEW BY CERTIORARI AND PROHIBITION.

Where the district judge in his legal discretion concluded that the agent of an alleged pledge of lumber of a company in receivership was obstructing the execution of an order of his court, his finding will not be reviewed by the Supreme Court on application for writs of certiorari and prohibition.

Action by Dugas & Le Blanc, Limited, and others against the Port Barre Timber & Tie Company, Incorporated, in which a rule by the receivers of defendant Company upon the Chicago Lumber & Coal Company and J. H. Maassen show cause why they should not be punished for contempt was made absolute, and the Chicago Lumber & Coal Company and Maassen apply for writs of certiorari and prohibition. Rule recalled and writs refused.

Hall, Monroe & Lemann and Joseph W. Montgomery, all of New Orleans, for relators.

LECHE, J. On October 5, 1918, Robert E. Le Blanc and J. A. Perkins were appointed by formal judgment of the Sixteenth judicial district court of this state, in and for the parish of St. Landry, as joint receivers of the Port Barre Timber & Tie Company, Incorporated. At the same time and in conformity with the law, the court ordered an inventory to be taken before H. E. Estorge, notary public, of all the property and assets belonging to the defendant company, and the receivers proceeded forthwith to take possession of said property and assets. The Port Barre Timber & Tie Company, Incorporated, defendant in the above cause, owned a sawmill at Port Barre, in the parish of St. Landry, and its most valuable asset consisted of some 4,500,000 feet of lumber then lying in its lumber yard where its plant was situated.

It is admitted in the record that the Chicago Lumber & Coal Company had made large advances in money to the Port Barre Timber & Tie Company, and that these advances were to be secured by the pledge of certain output of the plant; that to carry out the contract of pledge the defendant leased to its pledgee certain part of its lumber yard upon which such output of lumber was to be stacked. The contracts of pledge as well as that of lease are annexed to the record. It is also admitted that J. H. Maas-

sen, the local representative and agent of the Chicago Lumber & Coal Company, was made aware on the 5th of October of the appointment of receivers for the defendant company; that on the 7th of October he proceeded to load from the timber alleged to have been pledged to his principals one carload of said timber in order to ship the same to Memphis, Tenn., for sale. Thereupon the receivers required the said Maassen to desist from loading the said car, and it is admitted "that he did desist from further shipment." The receivers, however, took a rule upon the Chicago Lumber & Coal Company and upon Maassen to show cause why the latter should not be punished for contempt as interfering with their possession of the timber. The district judge, after due hearing, made the rule absolute, and the Chicago Lumber & Coal Company and J. H. Maassen ask in the present proceeding that the ruling of the district judge be reviewed, and that he be prohibited from enforcing his judgment.

The main subject of difference between relators, the Chicago Lumber & Coal Company and J. H. Maassen, on one side, and the receivers, on the other side, is the right of possession to the lumber which is stacked and situated in the lumber yard of the defendant company, and that question involves the validity and legality of the pledges alleged to have been made by the Port Barre Timber & Tie Company, Incorporated, to the Chicago Lumber & Coal Company.

The receivers and relators each claim that they are in possession of the lumber, the receivers by virtue of their appointment, and the relators by virtue of their pledges. The district judge was of the opinion that relators were never placed in full control and possession of the lumber because of the following stipulation, No. 10, in the contract of pledge of November 22, 1917:

"The lender [Chicago Lumber & Coal Company] will sell said materials from time to time, as directed so to do from time to time by the borrower [Port Barre Timber & Tie Company, Incorporated]. The borrower will load said material on cars at its own expense and ship the same to the customers of the lender, as by it directed," etc.

The record also shows that just prior to the receivership proceedings relators, without the direction and under the protest of the defendant company, shipped two cars of lumber, which the trial judge must have considered as done in contravention of the quoted stipulation of the contract of pledge. He must also have considered that the relators, in attempting to load and ship another carload of lumber after the appointment of the receivers, again intended to take such possession and control of the lumber as was not authorized by the contract of pledge, and therefore in defiance of the order of court which had, in effect, placed all the assets of the defendant company in the hands of the receivers.

### Opinion.

Relators concede that they have no right to appeal from the ruling of the district judge condemning Maassen for contempt. They allege that they are about to suffer serious and irreparable injury and to be deprived of their property without due process of law, and that the only remedy afforded to them by law is to invoke the supervisory jurisdiction of this court.

[1] It has been held a number of times that article 94 of the Constitution, granting this court supervisory jurisdiction over inferior courts, was not designed to afford a right of appeal to all litigants who might be dissatisfied with the judgments of trial judges; that such supervisory jurisdiction will only be entertained by this court in special or emergency cases, and will only be

exercised in order to prevent a great and impending injury.

[2] The trial court unquestionably had jurisdiction over the subject-matter involved in the rule for contempt, and the trial judge, in disposing of the same, was acting within the authority conferred upon him by article 131, Code Prac. It is evident from the allegations of relators' petition that the serious and irreparable injury which they apprehend is based entirely on the assumption that the trial judge has by his ruling decided the merits of the whole controversy between them and the receivers. We do not so construe the judgment of the district court.

[3-5] The decree which we are asked to review in this case is predicated upon the finding that J. H. Maassen, one of the relators, is guilty of a contempt of court, and it condemns him to pay a fine of $25. It does not purport to decide the controversy between the receivers and the Chicago Lumber & Coal Company, as to the validity of the pledges under which the Chicago Lumber & Coal Company claim to have the right to and the actual possession of the lumber stacked and piled in the yards of the Port Barre Timber & Tie Company, Incorporated. The validity of these pledges can only be determined in an ordinary proceeding. It could not be tested by a rule for contempt which is only a summary proceeding to enforce obedience to the orders of the court, where the main issue only concerns the court and the defendant in rule. The district judge, in the exercise of his legal discretion, came to the conclusion that Maassen was obstructing the execution of an order of his court, and his finding, as held in the case of Blaise v. Security Brewing Co., 124 La. 988, 50 South. 816, and the authorities there cited, will not be reviewed by this court on application for writs of certiorari and prohibition.

The rule herein issued is recalled, and the writs refused, at the cost of the relators.

MONROE, C. J., takes no part.