DOMENGEAUX, Judge.
The Louisiana Livestock Sanitary Board filed this suit seeking a “Mandatory In-junction” which would have ordered the defendant, Jessie Johnson, to present and restrain his cattle in Evangeline Parish for brucellosis testing as provided in LSA R.S. 3:2221. A rule nisi ordering the defendant to show cause why an injunction should not be granted was thereafter issued by the district judge. The defendant filed exceptions of vagueness and ambiguity, no right and/or cause of action, and motions to strike, annul, vacate, void and cancel the order, in addition to a motion for summary judgment. The district court granted the summary judgment, and thereafter denied a motion for a new trial. Plaintiff has appealed.
*379 Plaintiff alleges essentially that defendant was the owner of a certain Charoláis bull, which prior to its slaughter at the Eunice Packing Plant, Eunice, Louisiana, on December 29, 1972, had been grazing at the defendant’s- Point Blue Farm in Evangeline Parish, and had intermingled with other cattle belonging to the defendant during the last three or four months in 1972.
Plaintiff further alleges that the blood of the aforementioned bull was at the time of slaughter tested by Livestock Sanitary Board employees for brucellosis infection and found to be positive. This fact was allegedly confirmed by the State Federal Laboratory in Baton Rouge, Louisiana.
Thereafter plaintiff asserts that the defendant was officially notified to have his cattle penned and restrained for testing on a certain date as provided in LSA R.S. 3:2221(A) which reads:
“A. Any person owning or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized agent of the Livestock Sanitary Board shall present and restrain the cattle for identification and testing, and such infected herds shall be retested until these herds have become classified brucellosis negative as defined in Regulation 17 of the Livestock Sanitary Board. Cattle in open range country shall be worked at a time to correspond to the normal procedure for handling such cattle.”
Defendant allegedly refused to have his cattle penned and tested and plaintiff filed the aforementioned proceedings.
In accordance with LSA C.C.P. 966-967, the defendant filed three affidavits (two by neighbors of the defendant and the other by Johnson himself) stating essentially that the aforementioned bull had been isolated from the other cattle for no less than six months before its slaughter and that said bull had been penned and corralled for that length of time and was not permitted to leave its enclosures.
The plaintiff in turn filed the following opposing affidavit of Curtis Brown, a livestock inspector for the Livestock Sanitary Board, the text of which reads:
' “That he is a resident of St. Landry Parish, and that he travels by Jessie Johnson’s Point Blue Farm daily, gong to and from work; that he has personally seen the Charoláis bull owned by the defendant, Jessie Johnson, in the pasture with the other cattle owned by Mr. Johnson, that the bull was particularly notica-ble as his testicles were swollen the size of a basket ball; that he has stopped and watched the bull attempt to breed the cows in Mr. Johnson’s pasture; that he has looked at the bull with neighbors of Mr. Johnson and discussed him from time to time; that the bull was in this pasture mingling with the other cattle from about three months in the fall and winter and remained there until he was sold by Mr. Johnson for slaughter in January of this year.”
Summary judgment may be awarded only where there is absence of dispute as to a genuine issue of material fact, and all doubt is to be resolved against granting the motion and in favor of a full trial on the merits. Lachney v. Employers Casualty Co., 281 So.2d 761 (La.App.3rd Cir. 1973). Bodcaw Co. v. Enterkin, 273 So.2d 325 (La.App. 3rd Cir. 1973).
It is clear that such a dispute as to a genuine issue of material fact exists herein. The affidavits are clearly contradictory and thus a full hearing on the rule is appropriate.
In this regard defendant argues that the affidavit of Mr. Brown is defective in that it “does not identify the bull, contains no dates, the wrong month, nor does it state that he (Brown) has personal knowledge.” *380 We are of the opinion, however, that although the affidavit does not use the language that the deponent “personally knew”, it does indicate he “personally” saw the bull and knew from his own personal knowledge what he was attesting to. In addition, further details therein leave little doubt that the Charoláis bull described was the same Charoláis bull in question herein.
For the above and foregoing reasons the judgment of the trial court is reversed and this case is hereby remanded for a full hearing on the rule. Costs of this appeal are assessed against defendant-appellee; all other costs to await final determination.
Reversed and remanded.