300 So.2d 514 (1974)
FREMIN-SMITH SERVICES, INC.
v.
ST. CHARLES PARISH WATERWORKS DISTRICT NO. 1.
No. 6342.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1974.
*515 George T. Oubre, Oubre & Griffith, Norco, for plaintiff-appellant.
Ralph R. Miller, Norco, for defendant-appellee.
Before REDMANN and LEMMON, JJ., and BOURG, J. Pro Tem.
REDMANN, Judge.
Plaintiff sought mandamus to compel a waterworks district to extend water lines to supply plaintiff's needs. Intervenors sought similar relief. R.S. 33:3822 authorizes the district "in the discretion of the governing authority, to ... extend... a waterworks system ...."
The trial judge correctly sustained defendant's exception to the extraordinary remedy of mandamus.
Except "where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice," C.C.P. art. 3862, mandamus issues only "to compel the performance of a ministerial duty required by law ...," C.C.P. art. 3863. Extension of a waterworks system is authorized by law but it does not appear to be required as a ministerial duty. Thus the question is whether ordinary relief is available without unjust delay.
Relief by mandatory injunction is available, if defendant has been arbitrary or discriminatroy in refusing water to plaintiff.
One distinction between mandamus and mandatory injunction against public officers is that summary procedure may be used in mandamus, C.C.P. art. 2592, but not in injunction (except as to temporary restraining order and preliminary injunction, C.C.P. art. 3601). In a case like ours, where the duty sought to be enforced by affirmative order is not a plain-letter-of-the-law duty, a trial judge would be required to refuse a temporary restraining order; and would be authorized, within his discretion, to refuse a preliminary injunction.
Even so, the delay inherent in ordinary proceedings for (permanent) injunction does not appear to "cause injustice", C.C.P. art. 3862, in our case, where plaintiff seeks water for a building in the process of being built.
Nevertheless, although the requested mandamus is unavailable, the trial court should have considered the pleading as a petition for injunction. "No technical forms of pleadings are required." C.C.P. art. 854. "[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings ...." Art. 862.
Because defendant's exception to unauthorized use of summary proceeding is a dilatory one, art. 926(3), whose grounds can be removed by ordering appropriate amendment (including amendment to obtain ordinary service of process), the trial court should amend its judgment sustaining the exception so as to allow appropriate action by plaintiff to amend its petition to seek a permanent mandatory injunction. *516 State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., La.1973, 279 So.2d 671.
Affirmed in part and remanded to allow amendment.