CULPEPPER, Judge.
The Louisiana Livestock Sanitary Board seeks a mandatory injunction ordering the defendant, Jessie Johnson, to pen his cattle for brucellosis testing, as provided by LSA-R.S. 3:2221. After a trial on the merits, the district judge denied the injunction on the factual finding that the infected bull in question had been isolated from the remainder of defendant’s herd for a period of approximately eight months prior to the time it was discovered the bull had brucel-losis. From a judgment dismissing its suit, plaintiff appealed.
The issues on appeal are: (1) Does the evidence support the trial judge’s factual finding that the bull in question was isolated from the remainder of the herd for eight months prior to the time it was discovered the bull was infected? (2) Even if the bull was isolated from the herd for the eight months, is plaintiff nevertheless entitled to test the herd ?
This is' one of a series of cases in which the Department of Agriculture of the State of Louisiana has attempted to compel the defendant, Jessie Johnson, to pen his cattle for brucellosis testing. In the recent case of Johnson v. Pearce, La., 313 So.2d 812 (1975), the history of this litigation is described. In that case, Johnson attacked the constitutionality of LSA-R.S. 3:2221 and 3:2223 on the grounds of unlawful delegation of legislative power. Our Supreme Court held the statute constitutional.
The present case was filed on August 10, 1973. The district judge granted defendant’s motion for summary judgment and dismissed plaintiff’s suit in September of 1973. The plaintiff appealed, and this Court reversed and' remanded on the basis that there were genuine issues of material fact which should be tried on the merits, 299 So.2d 378 (3rd Cir. 1974). After the constitutionality of the statute was upheld in Johnson v. Pearce, supra, the present case was tried on the merits.
LSA-R.S. 3:2221 provides in pertinent part:
“A. Any person owning or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized agent of the Livestock Sanitary Board shall pre *786 sent and restrain the cattle for identification and testing, * * *
“B. Evidence of infection includes finding one or more reactors to an official brucellosis agglutination test on animals bred on the farm, at livestock auction market, at a slaughter establishment or concentration point, * *
The undisputed evidence shows that the defendant owns a herd of Charoláis cattle located on his Point Blue Farm in Evangeline Parish. The defendant himself testified that in 1970 he purchased two four-year old Charoláis bulls and placed them in his herd. Defendant says that in about March of 1972 he noticed one of these bulls had an enlarged scrotum and was unable to perform properly. Johnson testified he removed the bull from the herd in March or April of 1972 and placed him in a pen of about one-half acre around his barn near the highway. He says he fed the bull, hoping the swelling in the scrotum would subside, but in the event it did not, he planned to sell the bull for slaughter at an increased weight.
There is no dispute that immediately after Christmas of 1972, defendant sold the bull to the Eunice Superette for slaughter. Mr. Edwin J. Ortego, an inspector for the Louisiana Department of Agriculture, was present when the bull was slaughtered on December 29, 1972. He noticed that the bull had a greatly enlarged scrotum, which is a symptom of brucellosis. Ortego called a local veterinarian, Dr. Ben Miller, and they took a blood sample from the bull and placed it in a test tube which they identified as No. 6102. Mr. Ortego personally mailed the tagged test tube to a laboratory of the U. S. Department of Agriculture in Baton Rouge.
Mr. Harlem Evans, a technician at the U. S. Department of Agriculture laboratory in Baton Rouge, testified that he received the test tube, marked No. 6102, and that he tested the blood and it was positive for brucellosis.
It was stipulated that the agents of the Livestock Sanitary Board notified defendant by letter dated March 23, 1973 that an animal from his herd had been found to be infected with brucellosis by a positive slaughter test, and that defendant was requested to pen his cattle for testing on April 3, 1973. The agents went to defendant’s farm on the date appointed, and defendant refused to pen his cattle for testing.
From the above, it is seen that plaintiff has proved all the requisites of LSA-R.S. 3:2221. On appeal, the only defense urged is that the statute is not applicable because the bull was not “in a herd” owned by defendant for a period of eight months prior to the time of the brucel-losis test. As stated above, plaintiff testified that in about March of 1972, the bull’s scrotum became swollen, and he was unable to function, so defendant removed the bull from the herd and isolated him in a pen around his barn next to the highway. He says the bull remained in the pen and was isolated from the herd until the time he was slaughtered in December of 1972. Two of defendant’s close friends, who live in the area near his farm, corroborated this.
Mr. Curtis Brown, an agent for the Louisiana Department of Agriculture, testified that he worked in the area, and that he drove past defendant’s farm two or three times a week during the period from April to December of 1972, and he frequently noticed the big Charoláis bull with the swollen scrotum in the pasture with the remainder of defendant’s herd. Thus, there is a conflict in the testimony as to whether the bull was isolated for eight months before the brucellosis test. The trial judge gave written reasons in which he stated that he believed the testimony of defendant and his two witnesses that the bull had been isolated. On this basis alone, the district court rejected plaintiff’s demands and dismissed its suit.
*787 On the factual issue of whether the bull was isolated from the herd for a period of eight months prior to the slaughter test, there is clearly a reasonable evidentiary basis to support the trial judge’s findinS-
However, even accepting this factual finding as true, we think that under the provisions of the statute in question, plaintiff is entitled to the relief sought.
Under LSA-R.S. 3:2221A, quoted in part above, plaintiff is entitled to test defendant’s herd if it was shown that the herd “has intermingled with or otherwise been exposed to brucellosis infected animals”. Subparagraph B of the statute defines a brucellosis infected animal as one that has shown a positive brucellosis test at a “slaughter establishment.” Even under defendant’s own testimony, the bull in question intermingled with his herd from the time he purchased the bull in 1970 until he isolated it in March of 1972. The proof is also clear that the bull was infected when it was tested in December of 1972. This is sufficient to show that the herd was exposed to a brucellosis infected animal. The fact that this exposure occurred eight months before the animal was tested does not prevent the application of the statute.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that this case be remanded to the district court for the issuance of a mandatory injunction ordering the defendant, Jessie Johnson, to pen and restrain his herd of cattle located at his Point Blue Farm in Evangeline Parish, for the purpose of brucellosis testing and identifying as provided by the statute, LSA-R.S. 3:2221, on a date and at a time to be fixed by the district court, as provided by law and the views expressed herein. All costs in the trial and appellate courts are assessed against the defendant-appellee.
REVERSED AND REMANDED.