351 So.2d 790 (1977)
Doris Allain PETTUS et al.
v.
The ATCHAFALAYA WILDLIFE PROTECTIVE SOCIETY.
No. 11482.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*791 Joseph B. Dupont, Dupont, Dupont & Dupont, Plaquemine, for plaintiffs, appellees.
Samuel C. Cashio, Maringouin, C. Jerome D'Aquila, New Roads, for defendant, appellant.
Before LANDRY, SARTAIN and ELLIS, JJ.
*792 LANDRY, Judge.
Plaintiffs (Appellants) appeal from judgment dismissing their contempt rule against defendants Donald Torres (Appellee), and the Atchafalaya Wildlife Protective Society (Society), through its members, for alleged violation of an injunction prohibiting said defendants from trespassing upon property belonging to Appellants. We affirm.
The issues are: (1) May a trial court, ex proprio motu and without hearing, strike from a rule nisi a party defendant on the basis that the petition on its face does not allege a violation of the injunction; and (2) May a defense to a contempt rule be tried pursuant to a peremptory exception of no cause and no right of action.
On January 6, 1976, the trial court enjoined Society, through its members, from trespassing upon certain property situated in Iberville Parish, and in which Appellants own an approximate 28% undivided interest. On November 16, 1976, Appellants presented to the trial court a petition for a rule nisi directed to Appellee and Society seeking to have said defendants declared to be in contempt for violating the aforesaid injunction. The trial court struck that portion of the petition for rule nisi directed against the Society upon concluding the petition on its face did not allege a contempt violation by the Society. The trial court signed the rule as to Torres and the matter proceeded to trial on the merits.
Appellants' petition, filed November 17, 1976 alleges that Torres, a member of the society, violated the injunction by subsequently thereto doing or failing to do the following: (1) Removing his hunting camp from the land; (2) Trespassing on the property; and (3) Forcing some of Appellants' guests to leave the land.
Willful disobedience of a mandate, lawful judgment, writ or process of court is a constructive contempt of court. LSA-C.C.P. Article 224; Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971). Although introduction of evidence is not required in an action for a direct contempt of court, an action for constructive contempt is a summary proceeding to enforce obedience of a court order when the principal issue relates to the court and the defendant in rule. Dugas and LeBlanc v. Port Barre Timber and Tie Company, 144 La. 71, 80 So. 203 (1918).
A rule to show cause must be tried contradictorily. LSA-C.C.P. Article 963.
On October 1, 1976 (after issuance of the injunction), Torres obtained a hunting lease on subject property, which lease was granted by individuals whose ownerships aggregate a 67½ undivided interest. Subsequent to issuance of the injunction, Torres did not go upon the land until after obtaining his lease. There is no evidence that Torres forced Appellants' guests to leave the land. Torres concedes that after obtaining his lease, he went on the property to hunt and otherwise exercised his lease rights. Torres contends that at all times he acted in his individual capacity as lessee, and that at no time did he purport to represent the Society.
The injunction was directed specifically toward the Society, through its members. It did not mention Torres individually. The Society is, of course, a legal entity distinct from its members. As a corporation, the Society may be punished for contempt for the actions of its agents, representatives and members acting in its name or on its behalf. An injunction to a corporation is a mandate to those responsible for the conduct of the corporation's affairs. Should such parties violate the injunction, they, as well as the corporation, may be punished for contempt. A corporation is not, however, responsible for the actions of its agents or representatives acting solely in their individual capacities. See 17 C.J.S. Contempt § 34, page 94.
The trial court erred as a matter of law in striking the name of the Society from the application for rule nisi. In so doing, it contravened the provisions of LSA-C.C.P. Article 964, which states that a *793 court may on its own motion strike an insufficient demand from a petition, but only after a hearing. The petition alleges facts which, if true, would constitute a violation of the injunction by the Society. Under the circumstances, the Society should not have been stricken from the proceeding prior to a contradictory hearing.
On trial of the rule Appellee filed exceptions of no cause and no right of action, based on the premise that the injunction was directed to the Society and not to Appellee individually. The exception of no cause of action raises the issue of whether plaintiff's petition alleges a grievance for which the law affords a remedy. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977). Such an exception is triable on the face of the pleadings and in such trial, all well pleaded allegations of the petition must be accepted as true. No evidence is admissible in support or defense of an exception of no cause of action. LSA-C.C.P. Article 931; Haskins v. Clary, 346 So.2d 193 (La.1977). Insofar as concerns the exception of no cause of action, Appellants' petition does state a cause of action.
At the opening of the hearing, Appellee elected to try his exception of no right of action. Testifying in connection therewith, over Appellants' objection, Appellee introduced his lease and offered evidence of his possession pursuant thereto. An exception of no right of action questions plaintiff's interest in the subject matter of the litigation. It questions plaintiff's right to bring the action and evidence is admissible to prove or disprove said right or interest. Bamber, above.
In this instance, the ground for Appellee's exception of no right of action does not address itself to plaintiff's interest in the litigation, but is a matter of defense triable on the merits. Proceedings on Behalf of Judge v. Grosch, 222 La. 937, 64 So.2d 225 (1953).
We find the trial court correctly overruled Appellee's exception of no right of action. We also find that this action was properly dismissed against Torres because subsequent to issuance of the injunction, he did not enter the land until after obtaining his lease. The right of a co-owner to use and possess property held in common is equal to that of other co-owners. LSA-C.C. Article 491. It includes the right to use the property for the purpose for which it is intended. Ree Corporation v. Shaffer, 246 So.2d 313 (La.App. 1st Cir. 1971). A co-owner may possess his undivided portion of the land through a predial lessee so long as the lessee does not exclude the other co-owners from the property. A lessee who possesses through his lessor is not a trespasser. Ree Corporation, above. Appellants' contention that Appellee's lease and possession pursuant thereto were inadmissible on trial of the rule is without foundation in law. The lease was admissible to show that Appellee was not a trespasser in violation of the injunction, but that he entered the land pursuant to a valid lease which conferred upon him the legal right to use the land for the purpose to which it was put.
The trial court should have dismissed the rule as to the Society on the merits. Since Torres did not violate the injunction there could not possibly be a violation by the Society.
The judgment is affirmed at Appellants' cost.
Affirmed.