372 So.2d 585 (1979)
LOUISIANA LIVESTOCK SANITARY BOARD, Plaintiff-Appellant,
v.
Jessie JOHNSON, Defendant-Appellee.
No. 6905.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
Writ Granted June 25, 1979.
*586 Burgess E. McCranie, Jr., Metairie, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before WATSON, SWIFT and STOKER, JJ.
STOKER, Judge.
This appeal is an episode in a continuing effort by plaintiff, Louisiana Livestock Sanitary Board, to require plaintiff cattleman to comply with LSA-R.S. 3:2221 et seq. The statutes involved have as their object the detection and eradication of certain diseases found in cattle. This case has been on appeal before this court on three prior occasions and certiorari has been denied twice by the Louisiana Supreme Court. The following two issues are posed by the present appeal:
1. Was the trial judge correct in dismissing plaintiff's petition asking for the imposition of the penalties provided for under LSA-R.S. 3:2232 on the grounds that such penalties can only be imposed pursuant to a criminal prosecution?
2. Assuming the trial judge was correct in his reasoning regards LSA-R.S. 3:2232, was he correct in dismissing plaintiff's rule entirely?
CASE HISTORY
This case originated as a suit for a mandatory injunction brought by the Louisiana Livestock Sanitary Board against Jessie Johnson, a cattle owner who resides in Evangeline Parish. The relief sought by the Board was an injunction ordering the defendant to pen and restrain his cattle for testing for brucellosis disease pursuant to LSA-R.S. 3:2221. The plaintiff filed a motion *587 for summary judgment. The trial court granted this motion and issued a mandatory injunction in accordance with plaintiff's prayer. The defendant appealed and we reversed and remanded at 299 So.2d 378 (La.App. 3rd Cir. 1974) finding that there was a genuine issue of material fact.
After the remand, the trial judge denied plaintiff the injunction which it sought on the grounds that the infected bull had been isolated from the remainder of the herd for a period of eight months. We reversed that judgment holding that while the evidence did support the trial judge's factual findings, this did not prevent an application of R.S. 3:2221 requiring a cattle owner to present and restrain his cattle for testing.[1] This case was "remanded to the district court for the issuance of a mandatory injunction ordering the defendant, Jessie Johnson to pen and restrain his herd of cattle located at his Point Blue Farm in Evangeline Parish, for the purpose of brucellosis testing and identifying as provided by the statute, LSA-R.S. 3:2221, on a date and time to be fixed by the district court, as provided by law and the views expressed herein."[2]
After the second remand, the plaintiff filed a new petition for a mandatory injunction in accordance with the judgment on appeal and the trial court issued an injunction in conformance therewith. Defendant then appealed from the judgment granting the injunction contending that it would be impossible for him to comply, since he did not know to which "herd of cattle" the injunction referred. In an unpublished opinion,[3] we affirmed the decision of the district court, holding that "herd of cattle" referred to all cattle on the defendant's Point Blue Farm.
SUMMARY OF PRESENT ISSUES
Hence, at that point, the case would seem to have been concluded. However, apparently the Louisiana Livestock Sanitary Board feels that the defendant has failed to comply with the injunction because it has since filed a "Petition For Contempt And Penalties". (This petition was filed May 11, 1978, Tr. 101 et seq.) In this petition, plaintiff alleges that when defendant submitted his cattle to testing for brucellosis, some of the cattle were found to be infected. Plaintiff further alleges that defendant then refused to present and restrain his cattle for identification and branding pursuant to LSA-R.S. 3:2226.
The prayer to plaintiff's petition reads as follows:
WHEREFORE, Petitioner prays that the Defendant, Jessie Johnson, be ordered to show, at a date and time to be fixed by this Honorable Court, why he should not be held in contempt of this Court's order dated March 13, 1978; why he should not have his cattle reacting to the Brucellosis test on March 23, 1978 identified and branded by an authorized agent of the Louisiana Livestock Sanitary Board as required by LSA-R.S. 3:2226; and why he should not be penalized in accordance with the provisions of LSA-R.S. 3:2232.
From this prayer, it can be seen that the plaintiff is seeking three forms of relief in this case which are:
1. Imposition of penalties against the plaintiff pursuant to LSA-R.S. 3:2232;
2. An order directing plaintiff to have his infected cattle branded and inspected;
3. A finding that plaintiff was in contempt of court.
Defendant filed numerous and varied exceptions and motions attempting to have plaintiff's rule for contempt and penalties dismissed. The trial judge, however, did not rule on these exceptions but on July 13, 1978, (Tr. 115) ex proprio motu dismissed the rule giving written reasons. (Tr. 116-119)
*588 PENALTIES UNDER LSA-R.S. 3:2232
We adopt the reasoning of the trial judge insofar as it dismisses plaintiff's attempt to impose the penalties which are provided for in LSA-R.S. 3:2232. In this regard we quote with approval the following from the trial judge's written reasons for judgment:
While considering the exceptions and motions, the court read and reviewed the findings of many cases touching on the matters raised by them, and one case in particular caught the court's attention. This is Wall v. Wall [La.App.], 225 So.2d 47, Appeal after remand, 230 So.2d 420, where the court of appeal, First Circuit, with Judge Sartain as organ of the court, states that the proceedings for contempt is by its very nature quasi-criminal.
It should be observed that the penalties to which the defendant in this case could be subjected to under LSA-R.S. 3:2232, if found guilty of constructive contempt, could be a fine of up to $1,000.00 and imprisonment of up to one year, or both.
The Legislative history of LSA-R.S. 3:2232 is instructive and interesting.
Act No. 261 of 1938, Section 13, declares the violation of the statute to be a misdemeanor and prescribes penalties, and so does the Amendment of that statute of 1944, by Act No. 104, Section 6, which increased the penalty to a fine of not more than $500.00, and imprisonment of not more than 6 months, or both.
The present statute, LSA-R.S. 3:2232, amended by Acts 1954, No. 118, Section 4, sets forth the penalty for violation of the statute at a fine of not less than fifty dollars nor more than one thousand dollars, or in default thereof, imprisonment for not less than 30 days nor more than one year, or both. And while this particular statute does not declare it to be a misdemeanor, it is nonetheless one by its very words and terms. (Emphasis supplied)
The Court is convinced that in view of the rulings of the Supreme Court of Louisiana, in Louisiana State Board of Medical Examiners v. Bates, La. [258 La. 1049], 249 So.2d 127, and the United States Supreme Court in Bloom v. Illinois (1968), 391 U.S. 194, 20 L.Ed.2d 522, 88 Sup.Ct. 1477; and in Duncan v. Louisiana (1968), 391 U.S. 145, 20 L.Ed.2d 491, 88 Sup.Ct. 1944, that the penalties which may be imposed upon the defendant if found guilty entitles him to a trial by jury, xxx
However, under LSA. Const. 1974, Art. 1, Section, 17, and Article 782 of the Louisiana Code of Criminal Procedure,[4] the defendant is clearly entitled to be tried by a jury of six persons in this contempt proceeding.
Therefore, since the possible penalty upon default of payment of the fine provided for LSA-R.S. 3:2232 is one year imprisonment, a person accused of violating its provisions is entitled to a trial by jury. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971). Allowing the plaintiff to proceed through a civil proceeding tried before a judge would be a denial of defendant's Sixth Amendment right to a jury trial. Hence, the trial judge correctly disposed of the part of plaintiff's petition asking for the imposition of penalties under LSA-R.S. 3:2232.
OTHER RELIEF SOUGHT
Although the trial judge dismissed plaintiff's "Petition For Contempt and Penalties", his reasons for dismissing the case only address the issue discussed above. While plaintiff does not seriously dispute the correctness of the trial court's reasoning *589 as it relates to dismissing that portion of its civil action seeking the imposition of the penalties provided for in LSA-R.S. 3:2232, it does argue that the trial court erred in dismissing its entire rule rather than merely dismissing the part which asked for the imposition of penalties under LSA-R.S. 3:2232. As noted earlier, the other relief sought by the plaintiff is two-fold: (1) a finding that the defendant was in contempt of the court order mandating him to allow his cattle to be tested and (2) an order directing the defendant to cooperate in presenting and restraining his cattle to be branded and identified in accordance with LSA-R.S. 3:2226.
RULE FOR CIVIL CONTEMPT
Having disposed of plaintiff's demand that the penalties provided for in LSA-R.S. 3:2232 be assessed against the defendant, we now consider whether the lower court erred in not trying the issue of whether the defendant was in contempt of a court order. As will be noted below, this contempt proceeding is entirely separate from the question of the penal provisions of LSA-R.S. 3:2232. Article 224 of the Louisiana Code of Civil Procedure reads in pertinent part as follows:
A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
The procedure for punishing a constructive contempt of court is spelled out in article 225 of the Louisiana Code of Civil Procedure which states:
Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt, and punished accordingly. The rule to show cause may issue on the court's own motion, or on motion of a party to the action or proceeding, and shall state the facts alleged to constitute the contempt. A certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena, at least forty-eight hours before the time assigned for the trial of the rule.
If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
Applying the statutes quoted above to the present case, it can be seen that plaintiff's petition alleges a constructive contempt of court on the part of the defendant in that he failed to obey a court order. LSA-C.C.P. Art. 224. Plaintiff is entitled to proceed by a rule to show cause inasmuch as the matter involves an alleged constructive contempt. LSA-C.C.P. Art. 225. The trial court therefore erred in dismissing plaintiff's rule for contempt. Hence, it will be necessary to remand the case for trial in order to determine if the defendant was in constructive contempt of court. See the discussion under head notes 1 and 2 in Pettus v. Atchafalaya Wildlife Protective Society, 351 So.2d 790 (La.App. 1st Cir. 1977).
In remanding this case for trial of the contempt we express no opinion on the merits of the rule or the merits of any pending defensive motions or exceptions filed by defendant which may affect it. As a matter of clarification it should be noted that the penalty provision of LSA-R.S. 3:2232 makes it a penal statute. While the district court in this case has criminal jurisdiction,[5] and could entertain a prosecution under the statute, we have no criminal jurisdiction. *590 Therefore, we would have no jurisdiction to hear an appeal from a prosecution conducted under the statute. Although we have affirmed the trial court's action dismissing the civil suit for penalties under the statute, it is appropriate for us to do so because, as a criminal matter, it could not be entertained on the civil side of the district court itself.
As contrasted with a prosecution under LSA-R.S. 3:2232, a civil proceeding for constructive contempt in a civil court is authorized by the Louisiana Code of Civil Procedure in Article 225 cited and quoted above. Punishment is authorized in Article 227 of the Louisiana Code of Civil Procedure; however, that article provides that persons adjudged guilty of contempt shall be punished as provided by LSA-R.S. 13:4611. This statute was amended in 1972 to reduce the penalty for contempt committed through disobeying or resisting a lawful restraining order, or preliminary or permanent injunction to a fine of not more than $500.00, or imprisonment for not more than six months, or both. According to the official reporter Comment this reduction was made in order that the penalty (previously up to $1,000.00, or twelve months, or both) not be within the serious offense classification of Baldwin v. New York, supra, and thus eliminate the necessity for a jury trial.
Despite the amendment referred to we have considered whether in this context the contempt in question can be called a purely civil matter. In a case involving very similar facts and issues our Supreme Court held, before the amendment of LSA-R.S. 13:4611, that the right to a jury trial made the contempt proceeding criminal contempt for all relevant purposes. Louisiana State Board of Medical Examiners v. Bates, supra. There the Supreme Court reversed the trial court which had held a party guilty of contempt in violating an injunction prohibiting him from practicing medicine in violation of a statute in a civil suit brought by the plaintiff Board. The Supreme Court held that the defendant was entitled to a jury trial as provided by Article 782 of the Louisiana Code of Criminal Procedure. In remanding the case to the trial court to be proceeded with in keeping with court's holding, the Supreme Court obviously meant that the defendant must be tried on the criminal side of the trial court.
We now must decide the question of whether the reduction of the maximum penalty provided by LSA-R.S. 13:4611(2) so as to reduce the penalty below the "serious offense" limit has avoided or circumvented the holding of the Bates case that a contempt proceeding under the statutes is a criminal contempt for all relevant purposes. Notwithstanding the broad statements of the Louisiana Supreme Court in Bates concerning the criminal nature of contempt, we are of the opinion that Bates requires a criminal proceeding only in situations where the defendant would be constitutionally entitled to a jury trial. Under LSA-R.S. 13:4611(2) as amended, no defendant punishable for contempt thereunder would be entitled to a jury trial. Article 779, Subparagraph B, Louisiana Code of Criminal Procedure.[6] Therefore, we do not regard Bates as limiting the district courts of this state with regard to civil jurisdiction so as to prohibit them from trying matters of civil contempt. Accordingly, as noted above, the rule for contempt should be heard by the trial court upon remand as a non-jury civil matter.
ORDER DIRECTING THE DEFENDANT TO HAVE HIS CATTLE IDENTIFIED AND BRANDED[7]
The next type of relief sought by the plaintiff in his "Petition For Contempt
*591 And Penalties" is an order directing the defendant to "have his cattle reacting to the brucellosis test on March 23, 1978, identified and branded by an authorized agent of the Louisiana Livestock and Sanitary Board". Plaintiff's prayer for such an order is in actuality a request for the issuance of a mandatory injunction. In such a case, the trial court has a duty to recognize the true nature of the pleading. LSA-C.C.P. Arts. 854 and 862; Fremin-Smith Serv., Inc. v. St. Charles Parish W. D. No. 1, 300 So.2d 514 (La.App. 4th Cir. 1974). In this case therefore, the trial court should have treated plaintiff's prayer for this particular order as a request for the issuance of a mandatory injunction.
The plaintiff attempts to proceed in his quest for a mandatory injunction through a rule to show cause. However, a suit for mandatory injunction is in the nature of an ordinary proceeding. LSA-C. C.P. Arts. 3601-3603; Fremin-Smith Serv., Inc. v. St. Charles Parish W. D. No. 1, supra. While it is true that the question of the issuance of a temporary restraining order or a preliminary injunction may be tried by summary proceeding, this must be done ancillary to a suit for a permanent injunction. LSA-C.C.P. Art. 3601. Since the defendant timely filed a dilatory exception of unauthorized use of summary process to plaintiff's "Petition For Contempt And Penalties", he did not waive his right to object to the plaintiff proceeding by summary process. Hence, insofar as it relates to plaintiff's prayer for this phase of the relief sought, the defendant's exception of unauthorized use of summary process will be sustained. Since this is a defect which may be cured by amendment, LSA-C.C.P. Art. 933, the plaintiff will be given leave to amend its pleadings in order to proceed via ordinaria for a mandatory injunction. Therefore, for the reasons stated above, we will affirm the trial court's dismissal of this phase of plaintiff's petition and remand the case to allow plaintiff to amend his petition, within a time to be fixed by the trial court, to conform with the views expressed herein.
Out of caution, we note that the exception of unauthorized use of summary process is sustained only insofar as it dismisses plaintiff's demand for an order directing the defendant to have his infected cattle identified and branded.
DEFENDANT'S EXCEPTIONS AND OTHER DEFENSES
As noted earlier, the defendant filed several exceptions and motions in defense to the "Petition For Contempt And Penalties". Defendant argues that if the trial court is found to have erred in dismissing plaintiff's petition on the grounds assigned by it, then we should sustain one or all of his procedural devices and affirm the dismissal of plaintiff's entire case on such grounds. Since we have sustained the trial court with reference to the application of LSA-R.S. 3:2232, our decision here leaves portions of the action still before the trial court. Therefore, some of the defenses urged by way of motion or exception may apply to the remaining issues of the case.
However, we are of the opinion that the district court would be in a better position to decide these issues. Certain of the exceptions filed by the defendant may require testimony and in that respect must be heard by the trial court. It is also possible that some of the exceptions could best be decided by having them referred to the merits of the case, which would also necessitate a remand. Hence, rather than undertake a piecemeal determination of the motions and exceptions filed by the defendant, the entire case will be remanded for a trial of the rule for contempt as well as a decision on the defendant's motions and exceptions.
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it dismisses plaintiff's rule seeking the imposition upon the defendant of the penalties *592 provided by LSA-R.S. 3:2232. The judgment of the trial court is affirmed and amended insofar as it dismisses plaintiff's demand for an order directing defendant to cooperate in presenting and restraining his cattle to be branded and identified; however, the judgment is affirmed on the ground that this relief is sought through a rule to show cause in an instance where summary process is unauthorized; the judgment is amended to grant plaintiff leave to amend its pleadings, within a period to be fixed by the trial court, for the purpose of demanding a mandatory injunction in proper form and in conformity with the views herein expressed. The judgment of the district court dismissing plaintiff's rule for contempt is reversed and remanded for a trial consistent with the views expressed herein. Costs of this appeal are assessed against defendant-appellee, Jessie Johnson.
AFFIRMED IN PART. AFFIRMED AND AMENDED IN PART AND REVERSED IN PART.

MOTION TO DISMISS
Just prior to this case being submitted, both parties having waived oral argument, the defendant-appellee filed a Motion to Dismiss the appeal of the plaintiff-appellant on the grounds that the plaintiff-appellant had abandoned its appeal by failing to file its brief timely under our new internal rule, which provides that, where all parties have waived their rights to oral argument by failure to file briefs timely, the case will be docketed for submission without oral argument on the 60th day after the filing of the transcript of appeal in this court. If the appellant's brief is not filed within these 60 days, the court shall, ex proprio motu, consider the appeal abandoned.
Although the plaintiff-appellant's brief was not filed timely under this court's new internal rule, this rule did not become effective except in those appeals that were filed on or after December 20, 1978, as this was the date on which the new rule was published and distributed. The appeal in this case was filed on October 20, 1978. Therefore, plaintiff had, under the prior rules of this court, until the day set for the case to be submitted in which to file a brief. This case was set for submission on February 13, 1979, and the plaintiff-appellant's brief was filed on February 12, 1979. The Motion to Dismiss is therefore denied.
MOTION DENIED.
NOTES
[1] Louisiana Livestock Board v. Johnson, 335 So.2d 784 (La.App. 3rd Cir. 1976), writ denied 339 So.2d 14 (1976).
[2] Quotation found at 335 So.2d 787.
[3] Docket No. 6229 of this court, rendered December 20, 1977.
[4] The applicable provision would appear to be Article 779 of the Louisiana Code of Criminal Procedure, which reads as follows:

Art. 779. Trial of misdemeanors
A. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, five of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
[5] Section 35, Article VII, Louisiana Constitution of 1921 and Section 15, Article 5, Louisiana Constitution of 1974.
[6] See footnote 4, supra.
[7] With respect to that part of the prayer of plaintiff's May 11, 1978, "Petition For Contempt And Penalties" which requests an order directing the defendant to have his cattle identified and branded, it should be noted that the plaintiff subsequently filed a "Petition For Mandatory Injunction" seeking similar relief. The trial judge sustained an exception of lis pendens to the "Petition For Mandatory Injunction" on the grounds that this suit for "Contempt And Penalties" was still pending. The filing of this "Petition For Mandatory Injunction" and the Judgment sustaining the exception of lis pendens took place subsequent to the appeal being taken in this case, but they are contained in the record which is now before us. However, since they were filed subsequent to the appeal, they will not be considered in this opinion.