449 So.2d 613 (1984)
CITIZENS, ELECTORS & TAXPAYERS OF TANGIPAHOA PARISH
v.
Edward LAYRISSON, Sheriff of Tangipahoa, et al.
No. 83 CA 0966.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied June 8, 1984.
*615 Byard Edwards, Jr., Ponchatoula, for plaintiff-appellee.
Carl Cleveland, New Orleans, for J. Edward Layrisson.
Gail Sheffield, Amite, for Tangipahoa Parish Police Jury.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant, Tangipahoa Parish Sheriff Edward Layrisson, appealed the setting aside of the award of attorney's fees in a previous judgment. Defendants, Tangipahoa Parish Police Jury and its individual members (hereinafter "Parish"), appealed the issuance of a preliminary injunction prohibiting the Parish from executing the provisions of a contract with the State Bond Commission which dedicated a portion of the Parish's general revenue fund for the next 20 years, to cover the Parish's share of the costs of construction of a new parish jail.
The issues are: (1) whether the Sheriff is entitled to an award of attorney's fees; (2) whether the injunction was properly issued; and (3) whether the amount of plaintiffs' bond was sufficient.
We affirm in part, reverse in part, and remand.
Many parishes of the state have in recent years faced the necessity of complying with Federal constitutional standards for jail facilities at a time when the financial resources were lacking. To help solve this dilemma, the legislature passed Acts 859 and 864 of 1981 and 679 and 707 of 1982, allowing the State to issue general obligation bonds and advance the money to the parishes, thirty percent of which is to be repaid over a period of twenty years. Six and one-half million dollars was allocated to Tangipahoa Parish. On October 12, 1982, the Parish by resolution agreed to set aside annually an amount not to exceed $254,157.00 to repay the Parish's portion. The Parish signed a contract with the State Bond Commission on May 17, 1983, agreeing to the terms,[1] and received one-half of the amount allocated.
Plaintiffs sued to enjoin the defendants from "dedicating, spending or appropriating any parish funds for the acquisition and construction of a new parish jail facility without the approval of a majority of qualified electors as set forth in LSA-R.S. 39:501, et seq."[2] and LSA Const. Art. 6, § 26.[3] All defendants filed exceptions of no cause of action. The court sustained the sheriff's exception but denied the Parish's. The trial judge also awarded the sheriff $1,000.00 in attorney's fees, on the stated ground of "abuse of process." Subsequently, a motion for new trial on the issue of attorney's fees was granted and the trial judge set aside the award of the fee. The sheriff appealed.
*616 Plaintiffs contend that the issue was never properly raised in the trial court. The sheriff raised the issue in his memorandum supporting the exception of no cause of action and in oral argument but did not file a reconventional demand or a separate suit demanding the attorney's fee or ask for them in the exception of no cause of action itself. However, plaintiffs did not object to the raising and argument of the issue and we therefore have the matter before us.
As a general rule, attorney's fees are not allowed as an item of damages or costs except where authorized by statute or called for in a contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (La. 1959). However, the common law doctrine of abuse of process has been recognized as an exception to the rule. Vasseur v. Eunice Superette, Inc., 386 So.2d 692 (La.App. 3rd Cir.1980); Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App. 2nd Cir.1978); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir.1977) writ denied 343 So.2d 201 (La.1977). The essential elements of the tort consist of: (1) an ulterior purpose; and (2) a willful act in use of the process not proper in the regular prosecution of the proceeding. Curtis, supra.
We find the essential elements have been met and an award of attorney's fees for abuse of process was proper. Plaintiffs' sole allegation against the sheriff was that the planned dedication of funds was "initiated, proposed and endorsed by Edward Layrisson, Sheriff of Tangipahoa Parish, who used his influence as Sheriff to solicit votes from the Tangipahoa Parish Police Jury for the passage of said dedication...." Plaintiffs' claim rested upon a statute repealed six years previously and the petition failed to allege that the sheriff's acts of supporting and endorsing the fund dedication were illegal. Plaintiffs failed to offer any oral argument on the merits of the sheriff's exception. We amend the judgment to reinstate the attorney's fee of $1000.00.
The plaintiffs filed two supplemental and amending petitions, adding the allegations that the Parish's proposed dedication of general revenue funds was a violation of LSA-R.S. 47:1803 and 1804[4] and "other statutory provisions of the law" and was unauthorized and illegal. After trial on the merits, the trial judge issued the requested preliminary injunction under LSA-R.S. 33:2922,[5] which prohibits dedication of excess general fund revenues, when available, for more than ten years.
Appellants contend first that the trial judge erred in failing to dismiss plaintiffs' suit on their exception of no cause of action. *617 We have reviewed the pleadings and the trial judge's opinion and find no merit in this contention.
Appellants contend the trial judge erred in applying LSA-R.S. 33:2922 because the enabling acts providing for the sale of the jail project bonds by the State and the reimbursement in part by the parish governing authorities create an exception to the usual restraints placed by general law.
The trial court found no conflict and we agree. The special enabling acts require the parish to reimburse the state thirty percent of the amounts advanced, by either "a cash match from the proceeds of local bond sales, from local millages, from other sources of cash; or a cash match from the sale of reimbursement bonds appropriated hereunder... Prior to the sale of any such reimbursement bonds, the parish governing authority shall enter into such agreements as required by the Louisiana Commission on Law Enforcement and Administration of Criminal Justice, the Commissioner of Administration, and the State Bond Commission to provide 30% reimbursement of bond debt."
The language does not support appellants' contention that it was intended to create an exception to the restraints of R.S. 33:2922. There are no specific words of exception. The act does not specifically grant the State Bond Commission and other authorities the power to force the Parish to finance its share of the project in a manner contrary to general law. The reimbursement contract makes no provision specifically directing the method of financing to be adopted by the Parish. Testimony established that the Commission did not concern itself with the particular method of financing used by the Parish or the source of reimbursement funds. We conclude that the Legislature intended for the parish governing authorities to determine their source of funds for reimbursement by reference to existing laws governing expenditures of public funds.
Appellants contend that if R.S. 33:2922 is applicable, the jail project expenditure should be considered a "statutory charge" or a "necessary and usual charge," thus granting the expenditure priority in funding.
Appellants base their argument that the dedication is a "statutory charge" under R.S. 33:2922 upon LSA-R.S. 33:4715,[6] which imposes upon parish governing authorities the duty to provide a "good and sufficient" courthouse and jail. They cite Penny v. Bowden, 199 So.2d 345 (La.App. 3rd Cir.1967), in which the court concluded that the duty to appropriate and deposit money into a police pension fund was a "statutory charge" under R.S. 33:2922, which must be budgeted as a yearly expense to be paid as first priority. However, the case can be distinguished in that the statute involved specified a determinable sum to be paid. LSA-R.S. 33:4715 imposes a general statutory duty upon parish authorities to provide a courthouse and jail but does not impose a specific requirement as to how the duty is to be performed. Amiss v. Dumas, 411 So.2d 1137 (La.App. 1st Cir.1982) also is to be distinguished; the holding was that between the Police Jury and the sheriff, the legal responsibility to provide jail facilities for parish prisoners is vested with the Police Jury.
The trial judge concluded that the jail project expenditure was neither a "statutory charge" nor a "necessary and usual charge" under 33:2922; that the expenditure was an attempted dedication of general fund excess revenues, and is illegal because "general revenue funds of a parish may not be obligated by its police jury as proposed in this instance." We agree.
Under R.S. 33:2922, a proposed dedication of future revenues is invalid if: (1) the dedication of future excess revenues exceeds *618 "the estimated excess of revenues over the statutory, necessary and usual charges of the year in which the contract or obligation is made;" or if (2) the contract or obligation has a term fixed for payment longer than ten years. Neither the reimbursement contract nor the dedication resolution of October 12, 1982, authorizing payment of future revenues due under the contract, state the length of the obligation's term. However, testimony at trial established the life term of the bonds at twenty years.
The court made the factual finding that the Parish would be able to meet its 1983 budgetary requirements when withheld funds are ultimately received. It did not make an explicit determination whether the Parish would have sufficient excess funds to meet its annual obligation under the reimbursement contract. However, in light of the uncontested testimony that reimbursement would be spread over twenty years, we affirm the trial court's judgment issuing a preliminary injunction prohibiting the execution of the contract, as planned by the Police Jury.
Appellants complain that the judgment rendered by the trial judge was "beyond the scope of the pleadings" in that the judge enjoined the execution of the contract itself and not just the particular method of financing the Parish's obligation under the contract chosen by the Police Jury. We are of the opinion that the judgment does not in fact enjoin the Police Jury from fulfilling its reimbursement obligation under the contract, provided it chooses some method other than the planned dedication of future general fund revenues for a period exceeding 10 years.
Finally, appellants contend that the trial judge abused his discretion in fixing the plaintiffs' bond at only $25,000.00. Security must be provided by an applicant for a preliminary injunction, unless specifically exempted by law. LSA-C.C.P. art. 3610. The purpose of the bond is to protect the defendant against all damages that he or she might sustain because of the injunction. However, the amount of the bond is subject to the court's discretion. Robinson v. Morris, 272 So.2d 444 (La.App. 2nd Cir. 1973).
The testimony at hearing concerning the threat of losing the second appropriation of three and one-quarter million dollars established that the line of credit providing the amount would expire June 30, 1983, but could easily be made available to the Parish by the legislature in subsequent Capital Outlay Acts. Given the obvious concern of the legislature with helping local governments comply with Federal Court orders concerning jail facilities, the judge's apparent conclusion that any loss of the future allocation would not be permanent, did not constitute an abuse of discretion.
However, appellants have correctly pointed out that the trial court, in assessing court costs against it, failed to comply with the provisions of LSA-R.S. 13:5112, which requires the court to assess the costs in a dollar amount. We remand to the trial court for setting of the costs and for further proceedings not inconsistent with this opinion.
Appellants' remaining assertions of error have no merit.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Similar contracts have been signed by about 20 other parishes.
[2] LSA-R.S. 39:501 to 504 were repealed by Acts 1977, No. 545, § 5, eff. Jan. 1, 1978.
[3] LSA Const. Art. 6, § 26 grants to parish governing authorities the power to levy an annual ad valorem tax for general and specific purposes.
[4] LSA-R.S. 47:1803 and 1804, as pertinent, require a parish governing authority to obtain the consent and approval of the State Bond Commission prior to borrowing money, incurring debt, issuing bonds or other evidences of debt, levying taxes or pledging uncollected taxes.
[5] LSA-R.S. 33:2922 provides:

A. The annual revenues of any political subdivision (which term shall mean those units of local government listed in Subsection 2 of Section 44 of Article VI of the Louisiana Constitution of 1974) shall be dedicated as follows: first, all statutory charges shall be paid from the respective funds upon which they are imposed; second, all charges for services rendered annually under time contracts; third, all necessary and usual charges provided for by ordinance or resolution. Any excess of revenue above such statutory, necessary and usual charges may be applied to the payments of amounts due and unpaid out of the revenues of former years. Any parish, municipal corporation, and any other political subdivision having the prior approval of the governing authority which created it may make in any year, contracts or other obligations dedicating in whole or in part the excess of annual revenues of subsequent years above such statutory, necessary and usual charges. No such contract or obligation shall have any longer term fixed for payment than ten years from the date of the contract or obligation. No dedication of future revenues shall be made which, alone or with other prior dedications in force, exceeds the estimated excess of revenues over the statutory, necessary and usual charges of the year in which the contract or obligation is made. This Section shall not be construed to prohibit any political subdivision from providing by ordinance or resolution for the expenditure of funds derived from miscellaneous or contingent sources actually collected, subject to the dedication of such funds established by law.
[6] LSA-R.S. 33:4715 provides:

The police jury of each parish shall provide a good and sufficient court-house, with rooms for jurors, and a good and sufficient jail, at such place as they may deem most convenient for the parish at large, provided that when the seat of justice is established by law, they shall not have power to remove it.