536 So.2d 1283 (1988)
ST. LANDRY PARISH POLICE JURY, Plaintiff-Appellant,
v.
CLERK OF COURT OF ST. LANDRY PARISH, et al, Defendants-Appellees.
No. 87-1062.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Writ Denied February 17, 1989.
*1284 Alex Andrus, Opelousas, for St. Landry Parish Police Jury.
James Dauzat, Dauzat, Falgoust, Caviness & Bienvenu, Frank Trosclair, Jr., Taylor & Trosclair, Robert DeJean, Jr., Opelausas, Thomas Arbour, Glusman, Moore, Wilkinson, Arbour, Broyles & Glusman, Port Allen, Gerard Caswell, Winston Ardoin, Jackson Burson, Eunice, Kenneth DeJean, Baton Rouge, C. Douglas Dean, Otis Lomenick, Opelousas, for St. Landry Parish Clerk of Court, et al.
Before STOKER, LABORDE and KING, JJ.
LABORDE, Judge.
This is a suit by the St. Landry Parish Police Jury (the Police Jury) against fifty-four defendants.[1] The suit sought a declaratory judgment by the trial court stating that the proposed balanced budget of the Police Jury was in compliance with Louisiana law and also preventing the defendants from enforcing their budgetary requests against the Police Jury. Defendants, Ruth Cambre, et al (the St. Landry Parish Court Reporters), filed suit seeking mandamus against the police jury to fund the salaries and expenditures of the Court Reporters. Defendant, the St. Landry Parish Clerk of Court, filed a suit for mandamus on similar grounds. All three cases were consolidated at trial and remain consolidated *1285 on appeal.[2] All of the defendants filed numerous exceptions. The Police Jury also filed numerous exceptions to the mandamus claims. The trial court granted the defendants' exceptions of no cause of action and prematurity.[3] The court overruled the exceptions urged by the Police Jury. The Police Jury now appeals. We affirm.

FACTS
In an effort to comply with the legislative mandates of LSA-R.S. 39:1304, the Police Jury attempted to devise a balanced budget. It faced decreasing revenues (apparently due mainly to decreases in federal revenue sharing programs), while essential governmental services costs remained constant. The Police Jury calculated its anticipated revenues to be $1,602,254.00 for the 1987 fiscal year, while anticipated expenses were calculated at $2,011,879.00. Thus the Police Jury anticipated a potential deficit of $409,625.00. In an attempt to reduce the expenses and create a balanced budget, the Police Jury decided to reduce most of its mandated expenses by 22%. After doing so, the Police Jury felt that its budget was balanced and complied with state law. However, it was soon discovered that many of the proposed 22% reductions cut into payments that were statutorily mandatory. The Police Jury then decided to file suit for a declaratory judgment to resolve the situation. The St. Landry Parish Court Reporters and Clerk of Court subsequently filed mandamus actions against the Police Jury seeking funding of their salaries and expenditures.
The trial court determined that $697,827.00 of the budgeted expenses of the Police Jury were not statutorily mandated. The court thus found that the Police Jury was not actually faced with a deficit situation and therefore it granted the exceptions of prematurity and no cause of action. The court also granted the mandamus claims of the St. Landry Parish Court Reporters and the Clerk of Court.
On appeal, the Police Jury alleges that the trial court erroneously sustained the defendants' exceptions of no cause of action and prematurity; that the trial court erred in finding that a potential deficit did not exist; and that the trial court erred in denying the exceptions filed by the police jury in the two mandamus claims.[4]
The Police Jury's appeal points out that LSA-R.S. 39:1304 requires that it formulate a balanced budget for each fiscal year. The Police Jury also points out that numerous statutes provide for various expenditures to come out of Police Jury funds. The only statute that reconciles these competing claims is LSA-R.S. 33:2922. The Police Jury contends that the trial court interpreted this statute too narrowly in finding a "statutory charge" to be one that is fixed by statute at a specified or determinable sum as opposed to other less specific "general charges" which are for amounts not determinable by statute.
After thoroughly reviewing the record and the decision of the trial court, we hold that the trial court's decision is eminently correct. The trial court wrote a thorough opinion analyzing the issues present and we are compelled to adopt its *1286 reasoning as our own. The part of the opinion dealing with the exceptions of prematurity and no cause of action, supplemented with this court's footnotes, reads as follows:

"EXCEPTION OF PREMATURITY
"In support of their exception of prematurity, the Defendants in the suit by the Police Jury argue that the documents attached to the Police Jury's petition and the evidence introduced at the trial of the exception show that the mandated expenses do not exceed the estimated funds available for 1987, and therefore there is no deficit and the Police Jury's suit is premature. The Exceptors point out that R.S. 33:2922 provides that the annual revenues of the Police Jury shall be dedicated as follows:
"First, all statutory charges shall be paid from the respective funds upon which they are imposed; second all charges for services rendered annually under time contracts; third, all necessary and usual charges provided for by ordinance or resolution..."
Under these provisions, Exceptors argue that the statutory charges clearly do not exceed the estimated funds available for 1987 and there is therefore no deficit. They cite Penny v. Bowden, 199 So.2d 345 (La.App. 3 Cir.1967) and Citizens, Electors and Taxpayers v. Layrisson, 449 So.2d 613 (La.App. 1 Cir.1984), writ den., 452 So.2d 170 (La.1984), which hold that statutory charges imposed on a local government by the Legislature take precedence over the more permissive use of local government funds. In the Penny case, the plaintiffs were retired city policemen who filed suit for mandamus to require the City of Alexandria to appropriate annually to their pension fund any deficit in that fund, as required by Legislative statute. The City contended it did not have sufficient funds to cover these deficits. The Court held:
"We would perhaps be persuaded by the City's plea of lack of funds if the current operating expenses as budgeted and appropriated by the City Council stood on equal footing with the City's obligation to appropriate and pay any yearly deficit which might occur in the policemen's retirement fund. However, they do not. The obligations comprising the great bulk of the City's current operating expenses are established because, in its discretion, the City Council deems it wise to provide the city with a certain measure of sanitation service, a certain level of police protection, a certain standard of fire protection, and certain utility services. But the duty to appropriate and pay any yearly deficit which occurs in the operation of the policemen's retirement fund is a statutory duty imposed by the will of the Legislature on the municipality. Our system of local government contemplates that statutory charges imposed on a municipality by the Legislature take precedence over a more permissive use of municipal funds, and it is settled that the State has the power to require a municipality to set up and appropriate money to a pension system...."
"Under these cases, a `statutory charge,' within the meaning of R.S. 33:2922 is one fixed by statute at a specified or determinable sum to be paid and is distinguished from a general statutory duty upon a police jury to provide a courthouse and jail and other services and facilities.
"Using this definition of `statutory charges,' the Exceptors list the following expenses on Document A (Richard Exhibit 1)[5] which Exceptors contend are not mandated:

GENERAL ADMINISTRATION:
1. Salaries $105,424.00
2. Police Jury Office
 Expense 25,000.00
3. Telephone Service 35,000.00
4. Unemployment Contributions 16,000.00
5. Insurance Premiums 160,000.00
6. Employer Portion of
 Employee Group Insurance 54,750.00
7. Liability Claims, Defense
 and Judgments 100,000.00

*1287
GENERAL GOVERNMENT BUILDINGS:
1. Salary $68,928.00
2. Utilities-Courthouse
 Bldg 41,000.00
3. Maintenance of
 Courthouse Building
 and Grounds 58,685.00
4. Utilities-Public Service
 Center 20,000.00
5. Maintenance of Public
 Service Center 13,040.00

"In addition, the following non-statutory items appear on Richard No. 2 which expenditures did not appear on Richard No. 1:

HEALTH AND WELFARE:
1. Food Stamp Program
 Salaries $33,638.00
2. Food Stamp Office
 Expenses 13,933.00
3. Veteran Service Office 10,213.00
4. Appropriation to
 Southwest Rehabilitation
 Center 968.00
 __________
TOTAL `MANDATED
EXPENSES' which are
not statutory charges $756,579.00

"Subtracting these non-statutory charges totaling $756,579.00[6] from the anticipated revenues of $2,011,879.00[7] leaves an excess of revenues over statutory charges of $346,954.00.[8] Thus, Exceptors argue there is no deficit.
"The Police Jury argues first that the salaries of the police jurors totaling $105,424.00, although fixed by Police Jury resolution rather than by statute, are protected by Article VI, § 12 of the Louisiana Constitution of 1974 which provides that: `Compensation of a local official shall not be reduced during the term for which he is elected.' The Exceptors contend this constitutional provision only prohibits the Legislature from reducing by statute the salaries of elected local officials. This Court finds it unnecessary to decide the question, because even if we consider the salaries of the police jurors as being mandated by the Constitution during their respective terms of office, there is still an excess of revenues over other statutory charges.[9]
"As to the other items which the Exceptors contend are not statutory charges, the Police Jury argues that there is general statutory basis for all of these items. For instance, the Police Jury argues that R.S. 33:4713 requires the police jury to bear the expenses of suitable buildings, furniture and equipment for the offices of the district courts and the clerks of court, tax collectors, assessors, etc. Thus, the Police Jury argues that all of these expenses shown above under General Administration and General Government Buildings are statutory charges. The answer to this argument is clearly set forth in the quotation from Penny v. Bowden, supra. While all of these expenses may be for usual and customary facilities and services, they are not statutory charges and cannot be paid by the Police Jury until all statutory charges have been satisfied. Of course, the items listed above under `Health and Welfare' for the Food Stamp Program, the Veteran Service Office and the Southwest Rehabilitation Center, are not even arguably statutory charges.
"This Court concludes that all statutory charges as defined in the jurisprudence and in this opinion must be paid by preference and priority out of the estimated funds available for the year 1987. According to the documents and testimony in the record, the statutory charges can be paid from estimated funds available and there is no *1288 deficit. Accordingly, the Police Jury's suit is premature and is subject to dismissal.
"Although counsel have not raised the question, the Court has some doubt that the exception of prematurity is procedurally proper in the present situation. The dilatory exception of prematurity is provided by C.C.P. art. 926. Pringle Associated Mortgage Corp. v. Eanes, 211 So.2d 399 (La.App. 1 Cir.1968) was an action to foreclose on a mortgage on real property. There was a question as to whether the note had matured at the time suit was filed. The opinion discusses the role of the exception of prematurity, pointing out that where the obligation sought to be enforced is certain but the terms stipulated for its fulfillment have not matured, then the exception of prematurity is proper and must be pleaded in limine. However, if the obligation is not certain and depends on the happening of an uncertain event, an objection urged to its enforcement or execution because of the non-occurrence of an event, raises an issue which properly belongs to trial on the merits of the case.
"The present case does not present a classic situation for the exception of prematurity. The Police Jury's suit does not seek the enforcement of a right or obligation which is presently in existence and certain, but has not yet fully matured. Essentially, the Police Jury is seeking a declaratory judgment by the Court approving a budget which it has already adopted.
"Thus, since it may not be proper to dispose of this case under the exception of prematurity, the Court is going to proceed to consider also the exception of no cause of action.

EXCEPTION OF NO CAUSE OF ACTION
"The peremptory exception of no cause of action is provided for in C.C.P. art. 927. This exception tests the legal sufficiency of a petition and annexed documents. All well pleaded allegations of fact and those shown in the annexed documents are accepted as true, and if they show that plaintiff has a cause of action under the law, the exception must be overruled. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984); Johnston v. City of New Orleans, 101 So.2d 206, 234 La. 697 (1958).
"In the present case, the Police Jury's allegations that the mandated expenses exceed the estimated revenues for the year 1987 are conclusions of law, and not allegations of fact. The documents attached to the Police Jury's petition show the facts. These documents are: (1) Document A, which is the statement of estimated revenue and proposed expenditures resulting in a deficit; (2) Document B, which is the actual budget adopted by the Police Jury for the year 1987, showing estimated revenues and the proposed expenditures after cuts of approximately twenty-two (22%) percent in many items, thereby balancing the budget; (3) the document entitled `Annotations to Budget of General Fund Revenues and Expenditures' which shows item by item the proposed expenses and the statutory authority and indicates whether the Police Jury considers the expense to be mandated or not.
"For essentially the same reasons given in discussing the exception of prematurity above, these three documents attached to the Police Jury's petition show clearly that the actual statutory charges do not exceed the estimated funds available for 1987, and there is no deficit. Therefore, the Police Jury's suit may be also be dismissed under the exception of no cause of action."
Based upon the trial court's well written opinion, we agree with its grant of the defendants' exceptions of prematurity and no cause of action. The provisions of R.S. 33:2922 prevail and require that all statutory charges must first be paid out of the Police Jury's annual revenues. The statutory charges in question are too numerous to list due to the several defendants in this case. We hold that those expenses listed in the trial court's opinion are not statutorily mandated. Once those expenses are deducted from the mandatory expenses in the Police Jury's proposed budget, a potential deficit no longer exists. Thus we affirm the trial court's decision to grant the exceptions, due to the fact that there is no potential *1289 deficit in the Police Jury's 1987 proposed budget.
The trial court also overruled the exceptions filed by the Police Jury regarding the mandamus claims of the St. Landry Parish Court Reporters and the Clerk of Court. We agree with the trial court that based upon its conclusion that no potential deficit exists, the exceptions are meritless. We point out that LSA-R.S. 39:1314 provides:
"Any person may commence a suit in a court of competent jurisdiction for the parish in which the political subdivision or governing authority of the political subdivision is domiciled for mandamus, injunctive, or declaratory relief to require compliance with the provisions of this Chapter."
For the foregoing reasons, the decision of the trial court is affirmed in all respects. Costs of this appeal are taxed to appellant.
AFFIRMED.
NOTES
[1] Among the defendants are the St. Landry Parish Clerk of Court, the judges of the 27th J.D.C., the St. Landry Parish Coroner, the parish justices of the peace, the parish constables, the District Attorney of the 27th J.D.C., city court judges, marshalls, and clerks, the 27th J.D.C. Court Reporters, the parish Registrar of voters, the parish sheriff, the parish county agent, and a pensioner from Ward I court.
[2] Separate judgments will be rendered this date in suit # 87-0129-C entitled Cambre, et al. v. St. Landry Parish Police Jury, 536 So.2d 1289 (La. App. 3d Cir.1988) and in suit # 87-0555-A entitled St. Landry Parish Clerk of Court v. St. Landry Parish Police Jury, 536 So.2d 1289 (La.App. 3d Cir.1988).
[3] One defendant, Robert Dejean, had previously filed suit against the Police Jury seeking payment of retirement benefits. He filed an exception of res judicata, which was not opposed by the Police Jury and which was granted by the trial court. The Police Jury has not appealed this decision. Another defendant, the St. Landry Parish Sheriff, similarly filed an exception of res judicata based upon a suit he had previously filed in federal court. The Police Jury did not oppose this exception and it was granted by the trial court. This decision was not appealed by the Police Jury.
[4] The exceptions filed by the Police Jury were: lis pendens, no cause of action, unauthorized use of summary process, and nonjoinder of indispensable parties.
[5] This document is the proposed revenue and expense summary prepared by the Police Jury.
[6] In an amendment to its opinion, the trial court amended this amount to $697,827.00 (to exclude the total expenses listed under "Health and Welfare").
[7] We note that $2,011,879.00 is actually the amount of anticipated expenses and that the trial court properly subtracted the non-statutory charges from this amount. The actual anticipated revenues figure in $1,602,254.00.
[8] When the amended non-statutory charges figure of $697,827.00 is subtracted from the anticipated mandatory expenses of $2,011,879.00, the actual anticipated mandatory expenses total $1,314,052.00. This would leave the Police Jury with a surplus of $288,202.00 (anticipated revenues ($1,602,254.00) less anticipated mandatory expenses ($1,314,052.00)).
[9] The Police Jury would still be left with a surplus of $182,778.00 ($288,202.00 less $105,424.00).