SEXTON, Judge.
This ease came before the trial court pursuant to a petition filed by plaintiff-ap-pellee, Jerome K. Post, Jr., the Clerk of Court for Madison Parish, seeking both a judgment declaring the duty of defendant-appellant, Madison Parish Police Jury, to provide him with certain permanent equipment, to pay certain fees, and for a writ of mandamus compelling the police jury to provide the aforementioned items.
Over numerous exceptions raised by the police jury, including an exception of prematurity, the trial court granted a writ of mandamus in favor of Mr. Post ordering the police jury to pay funds sufficient to purchase a suitable computer for the clerk’s office, such funds to be expended in priority over the police jury’s non-statutorily mandated expenses. It also granted a writ of mandamus requiring the police jury to pay the clerk’s office $15 per session for attending sessions of the district court and $20 per criminal appellate transcript. Further, the trial court granted plaintiff a judgment declaring the statutory duties of the police jury to provide all necessary furniture and equipment of a permanent nature to the clerk’s office in priority to other non-statutorily mandated expenditures and declaring the right of the clerk of court to demand the same.
For the reasons hereinafter stated, we reverse the trial court judgment overruling the defendant’s exception of prematurity and sustain that exception with respect to the computer system. In other respects we amend and affirm as amended.
COMPUTER EQUIPMENT
The statute upon which Mr. Post relies as a basis for his entitlement to a new computer system is LSA-R.S. 13:784, which reads as follows:
§ 784. Police jury to defray capital outlay expense
A. Upon the request of the clerk, the police jury shall provide him with all necessary office furniture, equipment, and record books.
B. Out of any surplus in his salary fund, each of the clerks of the district courts may purchase office furniture, equipment, record books, and supplies as may be needed for the proper conduct of his office and may expend funds for renovation of his office, all in accordance with the public bid law of the state.
The essence of this statute is that the police jury’s duty to furnish the clerk of court with office furniture, equipment, and record books is triggered by (1) a request by the clerk of court for the items and (2) a showing of the necessity of the requested items. Because we find that Mr. Post failed to make a request for any desired computer equipment, we hold that the trial court erred in failing to sustain the police jury’s exception of prematurity.
The police jury does not dispute the fact that under Article 6, Section 7 of the Louisiana Constitution of 1974 it, as the local legislative branch of government, has been given broad powers, including the power to levy and collect taxes, pass ordinances, incur debts and spend public money for public purposes. See McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3rd Cir.1983). However, the police jury does contend that it is impossible for it to perform its duty to provide public officials, such as the clerk of court, with equipment when it has not been presented with a specific request or proposal for such equipment as required under LSA-R.S. 13:784. The police jury claims that mere budget requests of the clerk of court’s office for the years 1986 through 1988 do not suffice as requests under the statute and that, contrary to Mr. Post’s testimony at trial, Mr. Post never appeared before the police jury to make a formal request for any computer equipment.
Although budget requests have been found to be sufficient to entitle local officials such as a district court judge in McCain v. Grant Parish Police Jury, supra; and a district attorney in Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La.1988), to funds from parish police *200 juries to be used to run their respective offices, we find that there were no budget requests for a new computer system in the instant case.[1]
In 1986 Mr. Post merely listed a number of items under “Projected equipment costs,” none of which mentioned a computer system. The closest item that we find to a computer is a sum of $4,000 requested for “Office Technology (Word Processor),” which we understand from the testimony to be concerned with the CPT word processing system which the clerk purchased with the help of the police jury in 1983.[2] In 1987 Mr. Post listed a sum of $25,000 requested for “Office Equipment,” again with no mention of a computer. Finally, in 1988 Mr. Post again merely requested $27,-900 for “Office Equipment.”
Mr. Post testified that he often spoke to individual police jury members who, when he asked about the possibility of his office receiving a computer system, replied that the police jury did not have enough funds. Therefore, he claims that he saw no need to present a specific proposal with specific prices for a computer to the police jury. However, even Mr. Post’s expert witness, Clyde Webber, Clerk of Court for Concor-dia Parish, testified that if he were asking for a computer, he would tell the police jury exactly what he wanted and that he would ask for something specific.
Also, both Ms. Jewel Claxton, secretary-treasurer of the Madison Parish Police Jury, and Mr. Thomas Williams, president of the police jury, testified that it was customary both before 1986 and after, when budgets were first required to be submitted to the police jury, for the different departments to submit requisitions if they wanted anything over and above what was normally budgeted, such as a computer system. Additionally, we note that Mr. Post did not make a specific proposal to the police jury for a computer system, yet he had made a specific and detailed request in December of 1982 for the CPT word processing system that he presently uses, as well as a specific proposal before the police jury on May 26,1988, for three IBM Wheel-writer typewriters, which he subsequently received.
The record also reflects that Mr. Post did not obtain figures as to the cost of a suitable computer system until after this suit was filed. He wrote Mr. Webber, the Con-cordia Parish Clerk, seeking his input on the issue less than two weeks before trial. Further, he obtained a detailed estimate on a computer system from Entre Computer Center in the amount of $27,043.98 only about a week before trial began.
Finally, although Mr. Post claimed in his testimony that he appeared repeatedly before the police jury requesting a computer, we located, after having perused approximately 420 pages of police jury minutes, only five instances that Mr. Post appeared before the police jury from 1986 through September of 1988,[3] and during none of these appearances do the minutes reflect that he made a specific request for a computer system.
In summary, the record does not support a determination that Mr. Post ever appeared before the police jury to request a computer system or that he made a budgetary request for one. While he may have been understandably frustrated by his “hall conversations” with various members of the jury, these conversations do not suffice to amount to the necessary statutory request. We therefore conclude that those aspects of this suit seeking to have the police jury to be ordered to furnish him with a new computer system are premature. We therefore sustain the defendant’s exception of prematurity, thus dismissing *201 that aspect of this litigation without prejudice.[4]
Therefore, we need not consider the police jury’s contentions that the trial court erred in denying its exception of vagueness and that it erred in granting declaratory relief as to the computer system beyond the pleadings.
FEES
The police jury contends that the trial court erred in allowing evidence over objection on the issues of fees for attending court sessions under LSA-R.S. 13:846A(2), because this specific statute was not mentioned in Mr. Post’s petition. We find that the petition sufficiently alleges the basis upon which Mr. Post’s claim is made. However, we agree with appellant’s assignment of error that the trial court erred when it ordered that the police jury pay fifteen dollars per day to the clerk of court under LSA-R.S. 13:846A(2) for attending district court sessions. The statute clearly provides that the “governing body of the parish may pay to the clerk or his deputies a fee not to exceed twenty dollars for each day, but shall pay a fee of not less than eight dollars for each day.” Mandamus awarding a certain amount of money is inappropriate when the governing body by statute has discretion to pay an amount within a specified range. Fremin-Smith Services, Inc, v. St. Charles Parish Waterworks District No. 1, 300 So.2d 514 (La.App. 4th Cir.1974). The judgment will be amended to provide for eight dollars a day.[5]
CONCLUSION
For the foregoing reasons, the judgment of the trial court overruling the defendant’s exception of prematurity as to those aspects of the litigation seeking to require the police jury to provide a new computer system is reversed and the exception of prematurity is hereby sustained. Those aspects of the judgment appealed requiring the police jury to provide a new computer system are deleted. The judgment is further amended to order that the clerk of court for Madison Parish receive the amount of eight dollars per session for attending criminal sessions of the district court (rather than fifteen). In all other respects, the judgment is affirmed.
All costs herein are assessed against the plaintiff insofar as it is legal to do so.
EXCEPTION OF PREMATURITY SUSTAINED, JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.

. Additionally, the statute upon which the plaintiffs in those cases relied did not require a “request” to be made before entitlement to funds.

. The police jury contributed $15,671 for the system, the remainder being purchased with federal revenue sharing funds.

.The plaintiff has made no reference in brief or otherwise to specific meetings or page numbers where he appeared for this or any other purpose. U.R.C.A. 2-12.4. We thus have not been able to review this voluminous exhibit in specific detail.

. Because we find Mr. Post’s suit to be premature, we do not reach the issue of whether the duty of the police jury to pay for the items in LSA-R.S. 13:784 is a "statutory charge” under LSA-R.S. 33:2922 which must be paid in priority to other non-statutorily mandated expenses. See St. Landry Parish Police Jury v. Clerk of Court of St. Landry Parish, 536 So.2d 1283 (La.App. 3rd Cir.1988), writ denied, 537 So.2d 1172 (La.1989); Citizens, Electors & Taxpayers of Tangipahoa Parish v. Layrisson, 449 So.2d 613 (La.App. 1st Cir.1984), writ denied, 452 So.2d 170 (La.1984); Penny v. Bowden, 199 So.2d 345 (La.App. 3rd Cir.1967). Likewise, we also do not decide whether the computer system is in fact “necessary” under LSA-R.S. 13:784, although we do note there was significant evidence in this respect.

. The police jury also asserts that the trial court erred in expanding the pleadings and allowing evidence under LSA-R.S. 33:4713 on the issue of additional office space for the clerk of court. We do not reach this issue since the duty of the police jury to provide adequate space for the clerk of court was not mentioned in the trial court judgment.
The instant judgment, in addition to providing for the computer system, orders the police jury to pay the clerk fifteen dollars for attending criminal sessions, to pay twenty dollars for each criminal appellate transcript, and to "provide all necessary furniture and equipment of a permanent nature” for the clerk. These are the only four items mentioned in the judgment. The appellant does not complain of the latter two items in its assignments of error.